UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DENARD C. TRAPP,<br><br>*Plaintiff,*<br><br>v.<br><br>STEFAN VAN JURA,<br><br>*Defendant.* | Civil Action No.:<br>3:21-cv-20627<br><br>**MEMORANDUM<br>AND ORDER** |

This case is before the Court on Plaintiff's pro se Motion for Summary Judgment (ECF No. 5) and Defendant's Cross-Motion to Dismiss (ECF No. 8). The motion to dismiss is granted and summary judgment is denied as moot.

**I.**

Plaintiff Denard C. Trapp ("Plaintiff" or "Trapp") is a disgruntled state court litigant who was convicted in the Superior Court of New Jersey of fourth-degree stalking (N.J.S.A. 2C:12-10(a)(4)(B)). *See State v. Trapp*, No. A-4178-18, 2021 WL 2964445 (N.J. Super. Ct. App. Div. Jul. 15, 2021).[1] The facts of this case are difficult to discern from Trapp's threadbare complaint against Defendant Stefan

---

[1] This Court may take judicial notice of a case's procedural history. *Jonas v. Gold*, 627 Fed. App'x 134, 137 n.4 (3d Cir. 2015); *see also Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999).

Van Jura, Esq. ("Defendant" or "Van Jura"), his former public defender; however, the origins of this case lie in the foreclosure of a home that Trapp owned in Tinton Falls, New Jersey. Relevant here, Trapp defaulted on his mortgage in 2012, the Superior Court of New Jersey issued a final judgment of foreclosure in 2014, Trapp was forcibly removed from the property in April 2016, and Trapp was arrested for trespassing on the property in September 2016. *Id.* at *1. Trapp faced several state charges related to the forcible removal but was released on bail.[2] *Id.*

In August 2018, the property was sold to Kenneth Downey and Janine Marsico.[3] *Id.* In September 2018, Trapp appeared at the property three times while Downey, Marsico, and their newborn child were present. *Id.* at *1-2. Trapp was confrontational; he claimed that the home belonged to him, shouted at Downey, and rooted through the mailbox. *Id.* Trapp was arrested and charged with fourth-degree stalking and fourth-degree criminal trespass. *Id.* at *2.

Trapp represented himself at trial and was convicted of stalking in March 2019. *Id.* at *2-4. The Superior Court sentenced Trapp to eighteen months imprisonment. *Id.* He appealed his conviction and sentence, contending that the trial court erred in: (1) permitting the arresting officer to read a portion of a police

---

[2] Trapp was convicted of resisting arrest. For reasons not relevant here, the Appellate Division reversed that conviction and remanded the case for a new trial. *State v. Trapp*, No. A-3629-18, 2021 WL 2964222 (N.J. Super. Ct. App. Div. July 15, 2021).

[3] Trapp also filed a suit against Downey. *Trapp v. Downey*, No. 22-cv-055 (D.N.J. filed Jan. 5, 2022).

report detailing Trapp's first arrest; and (2) giving Trapp the maximum sentence for his offense. *Id.* at *5-7.

For the appeal, Van Jura represented Trapp. The Appellate Division upheld Trapp's conviction and sentence. *Trapp*, 2021 WL 2964445. The court determined that Trapp invited the testimonial error he complained of; specifically, Trapp had the arresting officer read a portion of the police report despite the State's sustained objection, and the trial court did not err in permitting the State to introduce the full police report to provide context. *Id.* at *5-6. Further, the sentence imposed was based on "competent, credible evidence in the record," and the trial court's consideration of New Jersey's sentencing factors was due discretion on appeal. *Id.* at *7.

## II.

Van Jura moves to dismiss the Complaint on several grounds, including for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 8 at 16-18). Under Fed. R. Civ. P. 8(a)(2), a complaint "requires only a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d. Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that the defendant acted unlawfully. *Id.*

In reviewing a motion to dismiss, the Court "accept[s] as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and . . . construe[s] them in a light most favorable to the non-movant." *Monroe v. Beard*, 536 F.3d 198, 205 (3d. Cir. 2008). The court should disregard legal conclusions and "recitals of the elements of a cause of action, supported by mere conclusory statements." *Santiago v. Warminster Township*, 629 F.3d 121, 128 (3d. Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). The Third Circuit set forth a three-part test for determining whether or not a complaint may survive a motion to dismiss for failure to state a claim:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Id.* at 130 (alteration in original) (quoting *Iqbal*, 556 U.S. at 675, 679).

Where a complaint has been brought by a pro se litigant like Trapp, the complaint "must be construed liberally." *Walthour v. City of Philadelphia*, 852

Fed. App'x 637, 638 (3d Cir. 2021). However, he still bears the burden that the complaint be "plausible on its face." *Thomas v. Varano*, 532 Fed. App'x 142, 145 (3d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

In this case, Trapp's Complaint lacks any factual detail. In the "Statement of Claim" section of his Complaint, Trapp writes:

> I was thrown out my home with my child by gunpoint on April 13, 2016 without legal notice in violation of 4:64-1, 4:64-2, 1:4-8 (a), Due Process, failure to comply with the rule of law as in Barclay v. Florida and N.J.S.A 14:15-4. My mortgage was satisfied and discharge; I do not know or went in to any contract with GDBT 1 TRUST 2011 -1 who was in the wrong venue. Had Mr. Stefan Van Jura presented the legal documents I provided to him in the "Affidavit of Notary Presentment" on or about May 24, 2020. (sic) The result would be different.

(ECF No. 1 at 4). This does not explain how Van Jura's actions or omissions deprived Trapp of due process or otherwise violated Trapp's rights. Trapp's bald assertion that Van Jura somehow denied him due process is a legal conclusion which is entitled to no weight. *Iqbal*, 556 U.S. at 679. Likewise, Trapp fails to explain how "the result would be different" had Van Jura "presented the legal documents." Even from a liberal reading, the Complaint is not plausible on its face. *Thomas*, 532 Fed. App'x at 145.

Moreover, at oral argument, Trapp suggested he was bringing a claim for malpractice against Van Jura, but this is not reflected in the Complaint; instead, the Complaint lists "[a]buse of process, extrinsic fraud . . ., the Civil Rights Act,

section 1983, [and] Due Process" as bases for relief. (ECF No. 1 at 3). All in all, it is impossible for the Court to conclude that Trapp's Complaint could fairly place Van Jura on notice of the nature of Trapp's claims as intended by Rule 8. *Evancho v. Fisher*, 423 F.3d 347, 354 (3d Cir. 2005). Therefore, the Complaint must be dismissed.[4]

---

[4] Because Trapp's Complaint is so devoid of factual detail, it is impossible for the Court to assess Van Jura's other arguments, including that the Complaint should be dismissed under *Rooker-Feldman* doctrine and Rule 12(b)(1) for lack of subject matter jurisdiction.

## ORDER

**THIS MATTER** having come before the Court on Plaintiff's Motion for Summary Judgment, (ECF No. 5), Defendant's Cross-Motion to Dismiss, (ECF No. 8); and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented; and for good cause shown; and for all of the foregoing reasons,

**IT IS** on this 19th day of July, 2022,

**ORDERED** that Defendant's motion to dismiss, (ECF No. 8), is **GRANTED** and the Complaint is **DISMISSED WITHOUT PREJUDICE.** Plaintiff shall have 30 days to file an Amended Complaint.

**ORDERED** that Plaintiff's motion for summary judgment, (ECF No. 5), is **DENIED** as moot. Plaintiff's motion for a trial by jury, (ECF No. 12), is also **DENIED** as moot.

The Clerk is directed to send a copy of this Order to Mr. Trapp by first class mail.

_____
PETER G. SHERIDAN, U.S.D.J.